J-A21032-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ERIC JOHN ASKINS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LISA ANN DAVISON | |
| Appellant | No. 1695 WDA 2016 |

Appeal from the Order Entered October 5, 2016
In the Court of Common Pleas of Erie County
Domestic Relations at No: NS200901183/PACSES NO: 937110996

BEFORE:  BENDER, P.J.E., OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED  NOVEMBER 9, 2017**

Appellant, Lisa Ann Davison ("Mother"), appeals *pro se* from the October 5, 2016 order denying her petition for modification of her child support obligation.  We affirm.

The record reflects that Appellee, Eric John Askins ("Father"), filed a complaint for support of the parties' minor child on December 5, 2011.  On April 23, 2012, the trial court ordered Mother to pay $649.11 per month in support, plus $90.00 in arrears.  Mother has since filed several modification petitions alleging she sustained injuries in various accidents and thus was unable to work.  In the instant modification petition, filed June 30, 2016, Mother alleged that she is out of work and that a car accident aggravated her existing injuries.  The trial court assessed Mother's petition as follows:

Mother further testified that a January 2016 accident aggravated her neck and back injuries. Mother, however, is not credible. Since institution of the support action, Mother has repeatedly petitioned to terminate or suspend her support obligations on the basis of inability to work and, repeatedly, her own evidence has contradicted her position. In 2012, Mother petitioned for suspension of her support obligation alleging inability to work. The court denied her petition when the evidence showed that Mother, who had been denied disability benefits, was released from her physician to return to work. In 2014, Mother requested that the court terminate her support obligation as she was medically unable to work as the result of an accident. The evidence revealed, however, that Mother was released by her physician to return to work, she was fully active and her employer denied her disability claims. In 2015, Mother requested that her support obligation be suspended as she was unable to work due to injuries from another accident. The evidence showed, however, that Mother continued to work for three months after the allegedly disabling accident, forgot to see her doctor until that time, and actively engaged in Tae Kwan Do during the time that she alleged she was unable to work. With regard to Mother's present allegation of a fourth debilitating accident, she presented a Physician Verification Form, dated July 29, 2016, in support of her position that she is unable to work. As with the accident in 2015, it is clear that, once again, Mother did not seek treatment until two months after the alleged accident. Moreover, the statements written on the Form reflect Mother's perception, rather than the results of an independent evaluation. Specifically, in the section discussing Mother's inability to earn income, there is a handwritten statement indicating "Pt stated medical condition started May 11, 2015, effecting [sic] earning potential." As further detailed above, Mother is not credible. In this regard, the Court did not give the Physician Verification Form any weight.

Trial Court Opinion, 12/19/16, at 6-7.

On appeal, Mother argues the trial court erred in denying her modification petition because she is unable to work and because she no longer has a job. Our standard of review is well-settled:

- 2 -

> The amount of a support order is largely within the discretion of the trial court, whose judgment should not be disturbed on appeal absent a clear abuse of discretion.  An abuse of discretion is not merely an error of judgment, but rather a misapplication of the law or an unreasonable exercise of judgment.  A finding that the trial court abused its discretion must rest upon a showing by clear and convincing evidence, and the trial court will be upheld on any valid ground.

***Portugal v. Portugal***, 798 A.2d 246, 249 (Pa. Super. 2002).

The Domestic Relations Code permits modification of support orders if the requesting party demonstrates a substantial change in circumstances. 23 Pa.C.S.A. § 4352(a).  Rule 1910.19 of the Pennsylvania Rules of Civil Procedure governs modification petitions.  We have reviewed the record, the applicable law, and Mother's *pro se* brief.[1]  We conclude that the trial court's December 19, 2016 opinion accurately addresses Mother's arguments.  We affirm the October 5, 2016 order on the basis of that opinion, and we direct that a copy of the opinion be filed along with this memorandum.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/9/2017

---

[1]  Father appeared *pro se* before the trial court and did not file a brief with this Court.

- 3 -

ERIC J. ASKINS,                  :      IN THE COURT OF COMMON PLEAS
                    Plaintiff    :      OF ERIE COUNTY PENNSYLVANIA
                                 :
        vs.                      :
                                 :
LISA A. DAVISON,                 :      PACSES NO. 937110996
                    Defendant    :      DOCKET NO. NS200901183

## OPINION

December _14_, 2016:  This child support matter is before the Court on Lisa A. Davison's

(hereinafter "Mother") Notice of Appeal.  Mother appeals this Court's October 5, 2016 Order

which denied her Petition for Modification of an Existing Support Order.

## PROCEDURAL HISTORY

Eric J. Askins (hereinafter "Father"), on December 15, 2011, filed a Complaint for

Support of the parties' minor child.  Following a support conference and a *de novo* hearing, an

April 23, 2012 Order established Mother's monthly support obligation at $649.11, plus $90.00

for arrears.  Mother filed an appeal, which was dismissed on January 18, 2013.  *See Davison v.*

*Askins*, 771 WDA 2012.

While her appeal was pending, Mother, on October 26, 2012, filed a Petition for

Modification requesting suspension of the child support order "as [Mother] is currently unable to

work."  Following a conference, the conference officer issued a December 17, 2012 Summary of

Trier of Fact indicating:

> The defendant stated that her short term disability benefits were terminated as of
> 11/27/12 as the defendant was released from a physician to return to work under
> restrictions.  The defendant further stated that a different physician has told her
> otherwise as she still claims to be unable to work.  However, no documentation
> was presented that states the defendant is unable to work.  The plaintiff is not in
> agreement to suspend the order.

Upon recommendation of the conference officer, a December 17, 2012 Interim Order of Court was entered maintaining Mother's monthly child support obligation at $649.11, plus arrears. Mother filed a Demand for Court Hearing, alleging that her income is an issue as she is unable to work due to medical reasons. Following a *de novo* hearing, this court issued a February 5, 2013 Order making the December 17, 2012 Order a final order. No appeal was filed.

One month later, on March 4, 2013, Mother filed a Petition for Modification of an Existing Support Order requesting suspension of her support obligation as "she is currently under doctors care and unable to work." On March 28, 2013, a Consent Order was entered suspending Mother's support obligation, effective March 4, 2013. Mother's support obligation remained suspended through December 31, 2013. Effective January 1, 2014, Mother was to pay $89.60 in monthly child support.

Mother, on March 28, 2014 filed a Petition for Modification of an Existing Support Order requesting that the Court terminate her support obligation. Following a support conference and a *de novo* hearing, a September 11, 2014 Order of Court issued maintaining Mother's monthly support obligation at $89.60, plus $20.10 for arrears. Mother appealed the same. In its Opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925, this Court set forth its reasons for the Order as follows:

> At the September 11, 2014 *de novo* hearing, Mother asserted that the child support order should be terminated as she is medically unable to work as the result of an accident for which she is still under a physician's care. Mother did not, however, present any evidence in support of her position. To the contrary, Mother testified that she was released by her physician to return to work, with restrictions, in November of 2012. She further declared that she was fully active. Moreover, Mother testified that she was three times denied disability through her employer.
>
> For the foregoing reasons, Mother did not meet her burden of demonstrating a material and substantial change in circumstances warranting the requested termination of support.

*See* November 26, 2014 Opinion. Mother's appeal was dismissed for failure to file a brief. *See* May 28, 2015 Order of the Superior Court of Pennsylvania, 1690 WDA 2014.

With Mother's appeal pending, Father, on November 24, 2014, filed a Petition for Modification alleging that Mother had returned to work and requesting an increase in child support. Following a support conference, a January 22, 2015 Order of Court was entered setting Father's monthly net income at $4,674.69, Mother's monthly net income at $3,818.96 and ordering Mother to pay the guideline monthly support amount of $610.63, plus $92.50 for arrears. Neither party filed a Demand for Court Hearing, accordingly, the January 22, 2015 Order became a final order.

Less than six months later, on July 17, 2015, Mother filed another Petition for Modification of an Existing Support Order requesting a decrease in her child support obligation or suspension of the order alleging that "she is unable to work due to injury from car accident and short term disability has been denied." On October 22, 2015, this Court presided over a *de novo* hearing on Mother's Petition. At the hearing, Mother sought reduction of her support obligation due to injuries from a February 26, 2015 motor vehicle accident. *See Opinion,* December 10, 2015; *see also* October 22, 2015 N.T. at 3. Following the hearing, this Court issued an October 22, 2015 Order denying modification of Mother's support obligation and maintaining the order at $610.63, plus arrears. Mother filed an appeal from the same, which is pending. As set forth in the Court's December 10, 2015 Opinion, this Court denied Mother's Petition for Modification for the following reasons:

> Mother's testimony was her only evidence. She did not present any medical evidence, witness testimony or any other proof to support her self-proclaimed disability. Moreover, her testimony contradicts her position. First, but for taking periodic vacation time, Mother continued to work after the accident. Moreover, she "forgot" to see a doctor until her insurance company reminded her

that she needed to visit a physician. Furthermore, she was denied disability by her employer.

Meanwhile, Eric J. Askins ("Father"), who like Mother is employed by GE Transportation System, testified that Mother worked from the time of her accident until May 11, 2015. Furthermore, Father witnessed Mother participating in Tae Kwon Do. Father even documented Mother's September 30, 2015 and October 21, 2015 participation in this activity via photographs. *See* Exhibits A, B, and C. Father observed Mother hopping, kicking and crawling at the Tae Kwon Do sessions.

Accordingly, this Court did not find any evidence to support Mother's claim that injuries from her February automobile accident impede her ability to maintain her employment. In that respect, Mother did not meet her burden of proof to show a material and substantial change of circumstances. As Mother has a job, which she simply fails to work, the Court found it appropriate to continue with her support obligation based upon the earnings she would actually make if she showed up for work.

*Opinion*, December 10, 2015.

With her appeal pending, Mother, on June 30, 2016, filed a Petition for Modification of an Existing Support Order requesting suspension of her support obligation as "she has been notified she does not have a job to return to once released from medical leave." Following an August 9, 2016 conference, an August 16, 2016 interim Order of Court issued denying Mother's Petition. Mother filed a Demand for Court Hearing. Following an October 4, 2016 *de novo* hearing, this Court issued its October 5, 2016 making the August 16, 2016 interim Order a final order. Mother filed an appeal from the same. In her Concise Statement of Errors Complained of on Appeal, Mother alleges as follows:

1. That the Court erred in determining that [Mother's] claim was without merit.
2. That the Court erred in suspending the support order due to the circumstances that was given of being permanently laid off and under physician's care.
3. That the Court erred of the base holding of [Mother] by law at a past capability of wage earning from prior orders dated from 9/02/15 and De Novo hearing held on 10/22/15 while being under physician's care and being permanently laid off from employer.
4. That the Court erred in affirming a decision based of biasness granted from Conference officer's belief differences and non-correlating past and present experiences.

October 22, 2015 support order and all issues related to the alleged disabling effect of the motor vehicle accident are without merit.

Mother further testified that a January of 2016 accident aggravated her neck and back injuries. Mother is not, however, credible. Since institution of the support action, Mother has repeatedly petitioned to terminate or suspend her support obligation on the basis of inability to work and, repeatedly, her own evidence has contradicted her position. In 2012, Mother petitioned for suspension of her support obligation alleging inability to work. The Court denied her Petition when the evidence showed that Mother, who had been denied disability benefits, was released from her physician to return to work. In 2014, Mother requested that the Court terminate her support obligation as she was medically unable to work as the result of an accident. The evidence revealed, however, that Mother was released by her physician to return to work, she was fully active and her employer denied her disability claims. *See* November 26, 2014 Opinion. In 2015, Mother requested that her support obligation be suspended as she was unable to work due to injuries from another accident. The evidence showed, however, that Mother continued work for three months after the allegedly disabling accident, forgot to see her doctor until that time, and actively engaged in Tae Kwon Do during the time that she alleged she was unable to work. *See* December 10, 2015 Opinion. With regard to Mother's present allegation of a fourth debilitating accident, she presented a Physician Verification Form, dated July 29, 2016, in support of her position that she is unable to work.[1] *See* Defendant Exhibit B. As with the accident in 2015, it is clear that, once again, Mother did not seek treatment until two months after

---

[1] Mother also presented an October 3, 2016 Physician Verification Form to which Father properly objected on the ground that he did not have advance notice of the same. Exhibit C, which includes an October 3, 2016 Physician Verification Form is dated one day before the *de novo* hearing and, as such, was not properly before the Court for consideration. *See* Pa.R.C.P. 1910.29(b). With regard to the July 29, 2016 Physician Verification Form, it is not clear whether the proper procedures were followed for introduction of the same. Father did not, however, raise an objection either at the hearing or in writing prior thereto.

the alleged accident. Moreover, the statements written on the Form reflect Mother's perception, rather than the results of an independent evaluation. Specifically, in the section discussing Mother's ability to earn income, there is a handwritten statement indicating: "Pt stated medical condition started May 11, 2015 effecting earning potential." As further detailed above, Mother is not credible. In this regard, the Court did not give the Physician Verification Form any weight.

Accordingly, with regard to Mother's physical ability to work, there is no change in circumstances.

Mother, however, further asserts that even if she were able to work that she no longer has a job with GE. In support of her position, she presented two separate letters, dated August 22, 2016 and October 3, 2016, both signed by Beth Robinson on GE Transportation letterhead and both providing:

> As of today, due to a permanent lack of work, Lisa Davison does not have a job placement opportunity within the Lack of Work Procedure. If she were to be released to return to work, she would be placed on a recall list for five years from her last day of work.

*See* Exhibits B and C. Mother presented no evidence to further explain the details of the letters, the "Lack of Work Procedure," or whether her absence from work for over a year had anything to do with her employment status. Regardless, under the facts specific to this case, such a letter does not demonstrate a change in circumstances. Due to her self-proclaimed inability to work, Mother was not working at the time of entry of the last support order. Had Mother been working, as this court has repeatedly determined she was able to do, a "lack of work" determination from her employer may be relevant to consider whether Mother experienced an involuntary reduction of income. As Mother has not worked since May of 2015 due to

unsupported claims of inability to work, however, the Court does not view the GE letter as a change in circumstances. Furthermore, Mother offered no evidence of any effort to mitigate her lost income. She merely testified that she would either have to go back to school or move out of state in order to make child support payments at the assessed earning capability.

Accordingly, Mother did not meet her burden of demonstrating the occurrence of a material and substantial change in circumstances and the October 5, 2016 Order should be affirmed.

**BY THE COURT:**



ELIZABETH K. KELLY, JUDGE

2016 DEC 19 PM 2 31
DOMESTIC RELATIONS SECTION
ERIE, PENNSYLVANIA

cc:    Eric J. Askins, 6851 Ponderosa Drive, Erie, PA 16509
Lisa A. Davison, 1044 South Drive, Waterford, PA 16441
Support Office